Opinion delivered March 9, 1888.

### No. 2260.

### INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY *v.* EVARISTO GARCIA.

1. EXEMPLARY DAMAGES.—Exemplary damages can be awarded only as a punishment when the injury inflicted was the result of the fraud, malice, gross negligence or oppression of the defendant. When such damages are claimed, the petition should set forth the acts or omissions which constituted such fraud, malice, gross negligence or oppression. When the defendant is a corporation it should be alleged and proved that the acts of the corporation servant, which constitute the fraud, malice, gross negligence or oppression were committed by direction of the employer, or that the corporation, through its proper agents, ratified and adopted such acts as its own.

APPEAL from Webb. Tried below before the Hon. J. C. Russell.

*Showalter & Nicholson,* for appellants.

*McLane & Randall* and *A. Winslow,* for appellee.

ACKER, JUDGE. Appellee brought this suit to recover ten thousand dollars actual, and twenty thousand dollars exemplary damages, for personal injuries necessitating amputation

---

---

of a leg, alleged to have been occasioned by the negligence of appellant's agents and employes. The jury returned a verdict for one thousand dollars actual, and five hundred dollars exemplary damages, upon which judgment was entered for appellee.

Exemplary damages are given as punishment for fraud, malice, gross negligence, or oppression. In the absence of all of these grounds such recovery can not be legally had. When exemplary damages are claimed, the petition should allege the acts and circumstances constituting the fraud, malice, gross negligence, or oppression upon which such claim is predicated, and if there is any evidence to support it the court should instruct the jury as to the law applicable to such claim. The petition contains no allegation of any act, or circumstance, indicating either fraud, malice, gross negligence or oppression on the part of appellant. The court gave the jury no instruction as to the law by which they must be governed in awarding such damages, nor was it is necessary to do so as there was no allegation nor evidence to support such claim.

Corporations may be guilty of such acts and conduct as will subject them to exemplary damages, but no more than individuals can they be punished for the malicious acts of their agents and employes. To make the master liable in any case, to exemplary damages for the fraud, malice, gross negligence or oppression of the servant, it should be alleged and proved, that the acts of the servant which constitute the fraud, malice, gross negligence or oppression, were committed by direction of the master, or that the master has ratified and adopted such acts as his own, or that the master has been guilty of negligence in the selection and employment of the servant whose acts constitute the fraud, malice, gross negligence or oppression complained of. (Hays v. Railroad Company, 46 Texas, 272.)

From what has been said, it follows, that there is error in the judgment, and we are of opinion that it should be reversed and the cause remanded.

*Reversed and remanded.*