### International & Great Northern Railway Company v. Mary McDonald et al.

#### No. 6341.

**1. Liability of Railway Company for Negligently Causing Death.** — By articles 2899 and 2901, Revised Statutes, an action is given for actual damages alone, and where there is no evidence tending to show that the death was occasioned by the willful act or omission or gross negligence of the defendant company, acting through its corporate officers, exemplary damages can not be recovered.

**2. Same.**—Prior to the Act of 1887 omitting the word *gross* as descriptive of the negligence in article 2899, Revised Statutes, in order to make defendant liable for actual

damages resulting from the death occasioned by the acts of the servants of the corporation, it must be shown by evidence that such servants were unfit for the duties they were employed to perform, or that the death was occasioned by the gross negligence or carelessness of such servants.

3. **Exemplary Damages.**—Before an individual or corporation can be subject to a recovery for exemplary damages for the act of a servant or agent it must be shown that the act complained of was performed by direction of the employer, or that the employer had adopted and ratified such act as his own, or that he has been guilty of negligence in the selection and employment of the servant whose act is complained of.

4. **Ratification by Railway Company of Acts of Servants.**—That the servants are continued in the employ of the company after an accident upon the road of the defendant company is not sufficient of itself to prove a ratification of the acts of the servants in charge of the train causing the injury.

5. **Care Required by Railway Employes.** — We think the employes (of the railway company) were required to use only such care as ordinarily prudent persons would exercise under like circumstances—that is, ordinary care.

6. **Verdict.**—Where in an action by the widow and children of a man killed by negligent act, etc., the petition apportions the damages, it is error to render judgment upon a verdict apportioning the damages so as to give to one or more of the plaintiffs a larger sum than that alleged in the petition, although the aggregate be less than the amount claimed.

APPEAL from Williamson.   Tried below before Hon. A. S. Walker. The opinion can be understood from the statement given therein.

*Maxey & Fisher,* for appellant. — 1.   The verdict of the jury is contrary to the evidence and wholly without evidence to authorize or support it:

(1)   Because the evidence clearly shows that there was no negligence on the part of defendant or its employes which produced or caused Dr. McDonald's death.

(2)   Because the uncontradicted testimony in the case, as well as that of plaintiff as defendant, clearly demonstrates that Dr. McDonald, with full knowledge of the approach of the train, was guilty of gross carelessness and negligence, which contributed proximately to his death, in stepping in front of the advancing train at a time and under circumstances which rendered it impossible for the employes operating the locomotive to do anything to avoid the impending danger.

On the subject of contributory negligence the court charged the jury as follows:

"12.   If the jury find from the testimony that at the time and place as charged the said Alexander McDonald was killed by a train upon the track of defendant, and the jury further find that the said deceased at and immediately before the injury was himself guilty of negligence, and failed to use the care for his safety which his situation and the circumstances reasonably required, and that his own want of care contributed to his death, then the jury will find for the defendant.

"13.   If the jury find from the testimony that at the time and place

as alleged the employes on the train failed to ring the bell and to blow the whistle, and that the train was running at a high speed, and they further find that at the time Dr. McDonald knew or by the reasonable use of his eyes might have known of the presence of the approaching train and its danger, and did step upon the track of the road in front of the approaching train, and so near to it that it was impossible by the use of any effort upon the part of the employes of the defendant to stop the train and to prevent it running upon him, then and on such finding the jury will find for the defendant."

Hoover v. Railway, 61 Texas, 505, 506; Railway v. Barfield, 3 S. W. Rep., 665, 666, citing with approval Hoover's case; Railway v. Smith, 52 Texas, 183, *et seq.;* Railway v. Bracken, 59 Texas, 73, *et seq.;* Railway v. Graves, 59 Texas, 331, *et seq.;* Railway v. Richards, 59 Texas, 375, *et seq.;* Maria Greer v. Railway, Galveston Term, 1887, unreported opinion by Mr. Justice Stayton; Railway v. Houston, 95 U. S., 7C1, *et seq.;* Railway v. Miller, 25 Mich., 274, 302; Haas v. Railway, 47 Mich., 407, 408.

2. The evidence in this case showing negligence on the part of Dr. McDonald which clearly contributed to, and which in fact directly produced his injuries, the verdict, under the instructions of the court contained in paragraphs twelve and thirteen of the charge, should have been in favor of defendant.

3. The damages assessed by the jury are in excess of the amounts claimed for the respective defendants (except as to Mrs. McDonald). The apportionment of damages, as assessed by the jury, is unauthorized by the pleadings. The verdict is grossly excessive and should not be sustained. [See opinion.]    March v. Walker, 48 Texas, 375; Railway v. Cowser, 57 Texas, 303, 304.

4. There is nothing in the testimony to justify a finding of exemplary damages, and the verdict assessing such damages is erroneous, and should not be upheld.    Railway v. Moore, Tyler Term, 1887; Hays v. Railway, 46 Texas, 283, 284; Railway v. Cowser, 57 Texas, 306.

5. The court erred in paragraph thirteen of its charge, in that such instruction imposed upon the employes of defendant a higher degree of care than the law requires in making an effort to stop the train when danger to Dr. McDonald became known to them.    Ordinary care required. Railway v. Sympkins, 54 Texas, 622; Railway v. Smith, 52 Texas, 184; Railway v. Smith, 62 Texas, 254.

*A. S. Fisher* and *W. M. Key,* for appellees. — 1. The verdict of the jury is fully supported by the evidence.    The evidence clearly shows there was gross negligence on the part of defendant and its employes in the management and operating of its trains at the time Dr. McDonald was killed.

2. The conduct of Dr. McDonald was superinduced by the gross neg-

ligence of defendant and their employes, and induced by their negligent and willful omissions to take the risk of crossing, and in so doing he, under the circumstances, acted as any other person would ordinarily have done, and therefore was not guilty of contributory negligence.

3. The facts and circumstances in evidence tend to show that the defendant's employes were guilty of negligence in the manner of operating the train, with defective brakes and at a fast rate of speed over crossings and through Hutto, with a knowledge of probable injury to some one, which made it dangerous and hazardous to persons required to cross over the track to such depot; and if Dr. McDonald was induced, from the declarations of the depot agent and the habit and usual custom of people living there in constantly crossing, and the usual manner of defendant in operating its passenger trains at Hutto, to believe that he could cross the track with perfect safety, and by such negligence of defendant and its employes it was placed beyond their power, after the danger to Dr. McDonald became apparent, to stop the train or to check its fast rate of speed so as to prevent the injury, then the defendant can not invoke the doctrine of contributory negligence.

4. If, after the danger to Dr. McDonald became apparent, or by proper diligence could have been apparent to defendant's employes, they could have by proper care so checked the speed of the train as to avoid or lessen the injury to Dr. McDonald, the plaintiffs were entitled to recover. This question having been properly submitted to the jury, and they being the judges of both the facts and the inferences to be drawn therefrom, their verdict should not be disturbed. Langhoff v. Railway, 19 Wis., 515, Lafayette Railway v. Adams, 26 Ind., 76; Pennsylvania Railway v. Ogier, 35 Pa. St., 60; Railway v. Sympkins, 54 Texas, 615; Klianowski v. Railway, 24 N. W. Rep., 801; Claxton v. Railway, 13 Bush, 636; Railway v. Weisen, 65 Texas, 443; Carrol v. Railway, 38 Ia., 120; Railway v. Gray, 65 Texas, 32; Railway v. Hewitt, 67 Texas, 475; Hoppe v. Railway, 21 N. W. Rep., 227; Reeves v. Railway, 30 Pa. St., 454; Railway v. Murphy, 46 Texas, 356; Railway v. Cocke, 64 Texas, 151; Railway v. Dunham, 68 Texas, 232; Whittaker's Smith on Neg., 373, 387; Cool. on Torts, 674; Petty v. Railway, 28 Am. and Eng. Ry. Cases, 618; Owings v. Railway, Id., 639.

ACKER, PRESIDING JUDGE.—Mrs. Mary McDonald brought this suit for herself, and as next friend of her minor children, Susan, Sallie, Alexander, Durham, John, and Lee McDonald, against the International & Great Northern Railroad Company, to recover fifteen thousand dollars actual and ten thousand dollars exemplary damages, for the death of Dr. Alexander McDonald, husband of Mrs. Mary McDonald and father of the other plaintiffs.

Dr. McDonald was killed by a locomotive on defendant's road in June,

1886, and plaintiffs allege that his death was caused "through the willful and wanton acts and gross negligence of defendant in operating and running its freight engines and cars."

Defendant answered by general denial and pleaded contributory negligence on the part of deceased.

By trial amendment plaintiffs claimed actual damages as follows: Mrs. McDonald, $7500; Sallie, $1000; Alexander, $1000; Lee, $1000; Durham, $1500; John, $1500; Susan, $1500; and asked that the exemplary damages be partitioned among them in the same proportion.

The jury returned a verdict for $15,000 actual and $2500 exemplary damages, apportioned as follows: Mrs. McDonald, $5000 actual and $350 exemplary; Sallie, $1400 actual and $350 exemplary damages; Alexander, $1400 actual and $350 exemplary; Lee, $1550 actual and $350 exemplary; Durham, $1550 actual and $350 exemplary; John, $2000 actual and $350 exemplary; Susan, $2100 actual and $400 exemplary. Judgment was rendered in accordance with the verdict.

This action was brought under the following provisions of our Revised Statutes:

"Article 2899. An action for actual damages on account of injuries causing the death of any person may be brought in the following cases:

"1. When the death of any person is caused by the negligence or carelessness of the proprietor, owner, charterer, or hirer of any railroad, steamboat, stage coach, or other vehicle for the conveyance of goods or passengers; or by the unfitness, gross negligence, or carelessness of their servants or agents." * * * (This article was amended by the Twentieth Legislature so as to omit the word "gross." Laws 1887, 44.)

"Article 2901. When the death is caused by the willful act or omission or gross negligence of the defendant, exemplary as well as actual damages may be recovered."

The court gave the following charge to the jury:

"If the jury find for the plaintiffs, and further find that the act of killing the deceased was gross negligence on the part of defendant, then they will further find exemplary damages, to be apportioned by the jury among the plaintiffs."

It is contended that this charge is erroneous, because exemplary damages can not be recovered in this case.

Our State Constitution, section 26, article 16, requires that the death be caused by the willful act or omission or gross neglect of the person, corporation, or company before the liability for exemplary damages arises.

We think the language of the statute admits of but one construction. The action is given for actual damages alone, and where there is no evidence tending to show that the death was occasioned by the willful act or omission or gross negligence of defendant company, acting by and through its corporate officers, exemplary damages can not be recovered.

It is not claimed by appellees that Dr. McDonald's death was caused by the willful act or omission or gross negligence of the defendant, or that it was caused at all by the negligence or carelessness of the proprietors of the road. There was no evidence that any corporate officer of defendant company was in any way connected with the killing, or that such officer was even present.

Under the law, as it existed at the time Dr. McDonald was killed, to make the defendant liable for actual damages resulting from the death occasioned by the acts of the servants or agents of the corporation, it must be shown by the evidence that such servants or agents were unfit for the duties they were employed to perform, or that the death was occasioned by the gross negligence or carelessness of such servants or agents.

In the case of Railroad v. Cowser, 57 Texas, 306, the Supreme Court uses the following language: "The statute clearly draws the distinction between an act done by the proprietor, charterer, owner, or hirer of a railroad and one by their servants or agents, and also between actual and exemplary damages. In our opinion, under its proper construction, although actual damages may be given for death caused by the unfitness, gross negligence, or carelessness of such servant or agent, as well as for the negligence or carelessness of the proprietor, owner, charterer, or hirer himself, yet that exemplary damages are allowed only for the willful act, omission, or gross negligence of the defendant to the suit; if a corporation, for the willful act, omission, or gross negligence of one representing it in its corporate capacity as a corporate officer, but not of a mere servant or agent."

As before stated, it is not claimed that any corporate officer of defendant company had any connection whatever with the acts that caused the death of Dr. McDonald, and we think the charge wholly inapplicable to the case made by the evidence, and therefore error.

Exemplary damages are awarded upon principles of public policy, and not as compensation to the plaintiff; and we think the law is now well settled, that before either an individual or corporation can be punished in any case for the good of the public by being mulcted in exemplary damages for the act of a servant or agent, it must be shown that the act complained of was performed by direction of the employer, or that the employer has adopted and ratified such act as his own, or that he has been guilty of negligence in the selection and employment of the servant whose act is complained of. (Hays v. Ry. Co., 46 Texas, 272; Ry. Co. v. Moore, 69 Texas, 157; Ry. Co. v. Garcia, 70 Texas, 207).

But it is contended by appellees that appellant ratified the acts of its servants who were in charge of the train that killed Dr. McDonald by retaining them in its service.

We do not believe the doctrine of ratification has any application to this case; but if it had, we do not think the fact that the servants are con-

tinued in the employ of the company sufficient of itself to establish ratification. The continued employment may be wholly without reference to or connection with the acts of the servant in the matter about which complaint is made.

We are unable to discover anything in this case that called for or justified a charge upon exemplary damages.

The court charged the jury as follows:

"13. If the jury find from the testimony that at the time and place as alleged, the employes on the train failed to ring the bell and to blow the whistle, and that the train was running at a high speed; and they further find that at the time Dr. McDonald knew, or by the reasonable use of his eyes might have known, of the presence of the approaching train and its danger, and did step upon the track of the road in front of the approaching train, and so near to it that it was impossible by the use of any effort upon the part of the employes of the defendant to stop the train and to prevent it running upon him, then and on such finding the jury will find for the defendant."

Appellant contends that the court erred in giving this charge, because it imposed upon the employes of the defendant a higher degree of care than the law requires.

With respect to the degree of care required by the employes of a railroad company to prevent an injury after the situation of peril is known to them, our Supreme Court has said:

"If, after the impending danger becomes known to the defendant, he should then fail to use such ordinary care as would have prevented the injury, and the same results as a consequence thereof, then another principle of law governs, and the defendant would be liable." Railway v. Smith, 52 Texas, 184. And again:

"We are inclined, however, to the opinion that the charge given by the court in this case may have led the jury to believe that they could only find for the defendant should they think that the engineer could not and did not discover plaintiff on the track in time to stop without running over him. * * * We call attention to it because of our opinion that the watchfulness required depends on all the circumstances, having reference to all the duties of the engineer, and it is for the jury to say whether, under the circumstances, he not only could but should have discovered the plaintiff in time to have stopped the train. In other words, that the engineer, had he been exercising that ordinary and proper care which, under the circumstances, was his duty, would have discovered the plaintiff in time." Railway v. Sympkins, 54 Texas, 622. And again, it has been said by this court that:

"Whether applied to the negligence of a defendant or the contributory negligence of a plaintiff, we believe the correct definition of the degree of care to be exercised by either, in determining whose negligence

occasioned the injury, is expressed in these words, 'such care and cau-
tion as an ordinarily prudent person would exercise under similar circum-
stances.'" Railway Co. v. Beatty, 73 Texas, 592.

Under the charge complained of here the jury were required to believe,
before they could find a verdict for the defendant, that it was *impossible*
for the employes of defendant, by *the use* of *any means* or effort, to pre-
vent the injury after they discovered the peril of the deceased. We think
the employes were required to use only such care as ordinarily prudent
persons would exercise under like circumstances—that is, ordinary care—
and that the court erred in requiring a greater degree of care upon their
part.

The verdict of the jury and judgment of the court gave to the plaintiffs,
respectively, except Mrs. McDonald, larger amounts of damages than
were claimed for them respectively in their pleadings.

We believe it to be an elementary principle that the verdict and judg-
ment must follow the pleadings, and that a judgment for an amount in
excess of that claimed in the pleadings can not be sustained.

We deem it unnecessary to consider other assignments of error, as we
think it probable that many of the matters complained of will not occur
upon another trial.

For the errors indicated, we are of opinion that the judgment of the
court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted November 5, 1889.