WESTERN UNION TELEGRAPH CO. v. W. J. GOODSEY.

(No. 6533.)

APPEAL from Johnson County. Opinion by WILLSON, J.

STEMMONS & FIELD, counsel for appellant.

No counsel appeared for appellee.

§ 123. *Pleading; exemplary damages; facts entitling party must be alleged.* This is a suit by appellee against the appellant to recover damages, both actual and exemplary, for failure to transmit and deliver a telegram sent by him from Rosenberg to Cleburne, Texas. He recovered judgment for $10 actual and $50 exemplary damages and for costs. In his original petition appellee

made no claim for exemplary damages, but in a trial amendment he made such claim, based upon a general allegation of gross negligence on the part of appellant's servants and employees. Appellant excepted to the sufficiency of the trial amendment, which exception the court overruled, and submitted to the jury the issue of exemplary damages. We are of opinion that exception to the claim of exemplary damages should have been sustained. No facts are alleged in the trial amendment which under the law would entitle appellee to recover exemplary damages. [Telegraph Co. v. Brown, 58 Tex. 170; Hays v. Railway Co., 46 Tex. 272; Daniel v. Telegraph Co., 61 Tex. 456.] We are not prepared to say that the claim for actual damages for anxiety of mind is not maintainable. We incline to the opinion that it is, and therefore hold that the court did not err in overruling the exceptions to the original petition. Because the court erred in not sustaining the exceptions to the claim for exemplary damages, the judgment is reversed and the cause remanded.

June 4, 1890.                    Reversed and remanded.