## W. J. Townsend v. Texas & New Orleans Railway Company.

### Decided June 10, 1905.

**1.—Carrier of Passengers—Special Damages—Pleading.**

Where a passenger sued for breach of a contract of carriage, claiming that, because of a delay in reaching his destination, he had sustained special damages in having been prevented from consummating a deal by which he would have made a profit, a failure to state the names of the parties with whom the deal was to be made rendered the petition subject to special exception.

**2.—Same—Exemplary Damages—Malice of Agent—Ratification.**

Plaintiff could not recover exemplary damages from the railroad company for the malicious act of its agent in leaving him at an intermediate station where his petition did not allege a ratification of such malicious act by the company, or facts from which such ratification could be implied.

**3.—Jurisdiction—Amount—Damages.**

Where exceptions were properly sustained to items of damages claimed by the plaintiff, and the amount was thereby reduced to a sum below the jurisdiction of the court, and plaintiff declined to amend, the suit was rightly dismissed.

Error from the District Court of Angelina.  Tried below before Hon. Tom C. Davis.

*W. J. Townsend* and *Fiset & McClendon,* for plaintiff in error.—1. In order to recover special damages for breach of a contract it is sufficient that general notice of such damages should be given of such a character as would inform the defendant of the importance to plaintiff of the performance of the contract.  Telegraph Co. v. Sheffield, 71 Texas, 570; Railway v. Compton, 38 S. W. Rep., 220; Harrison v. Telegraph Co., 3 App. C., sec. 43; Railway v. Gilbert, 4 Texas Civ. App., 366; Telegraph Co. v. Bowers, 84 Texas, 476.

2. A party may recover compensation for any gain which he can make it appear with reasonable certainty the defendant's wrongful act prevented him from acquiring.  Pacific Express Co. v. Darnell (Texas Sup.), 6 S. W. Rep., 764; Railway v. Compton, 38 S. W. Rep., 220; Telegraph Company v. Sheffield, 71 Texas, 570; Telegraph Co. v. Bowers, 84 Texas, 476; Railway v. Jesse, 2 App. C., sec. 351; Wolf Co. v. Galbraith, 80 S. W. Rep., 648; Alamo Mills Co. v. Hercules, 22 S. W. Rep., 1099; Ellis v Tips, 40 S. W. Rep., 524; Anderson & Co. v. Cleburne Water Co., 44 S. W. Rep., 931; Halcomb v. Stubblefield, 76 Texas, 311; Mortgage Co. v. Weddington, 2 Texas Civ. App., 273; Railway v. Miller, 38 S. W. Rep., 1132; Express Co. v. Battle, 5 Texas Civ. App., 533; Strahorn Co. v. Lackey, 42 S. W. Rep., 783; Railway v. Gilbert, 4 Texas Civ. App., 366; Receiver v. Dunn, 1 Texas Civ. App., 527; Railway v. Shirley, 45 Texas, 372; Hunt v. Riley, 50 Texas, 103; Frazier v. Milling Co., 28 S. W. Rep., 714; Patter v. Bucket, 65 Texas, 386.

3. Prospective profits, where they can be ascertained with reasonable certainty, and where they are in contemplation of the parties, are recoverable as damages for the breach of the contract or the commission of a tort.  See authorities above, and Watkins v. Junker, 23 S. W. Rep., 802; Allison v. Chandler, 11 Mich., 552; Satchwell v. Williams, 40 Conn., 371; 1 Sedgwick on Damages, sec. 170.

4. The court erred in sustaining and in not overruling defendant's special exception to so much of plaintiff's petition as alleges that he had an important deal under consideration, wherein he would realize the sum of $5,000, for the reason that the character of said deal, and the names of the parties, are set forth with the sufficiency required by law.  Telegraph Co. v. Bowen, 84 Texas, 478; Telegraph Co. v. Sheffield, 71 Texas, 570.

5. The court erred in sustaining and in not overruling defendant's special exception to so much of plaintiff's petition as alleges exemplary damages.  Where an agent, acting within the line of his authority, wantonly, maliciously and wilfully does a wrong to a party to whom his master owes a duty, the master is liable in exemplary, as well as actual, damages.  Summerfield v. St. Louis Transit Co., 84 S. W. Rep., 172.

*Baker, Botts, Parker & Garwood, Blount & Garrison* and *J. S. McEachin,* for appellee.—1. The right of plaintiff in error to recover damages on account of loss of profits on a collateral or subordinate con-

tract is limited to such as arise out of the contract on which the action is founded, and which are the direct fruit of that contract. Damage or loss which results from a collateral or subordinate contract merely affected by the principal contract is not recoverable unless specially pleaded, unless the collateral or subordinate contract was entered into upon the faith of the principal contract, for the purpose of carrying it into effect; and where the collateral or subordinate contract was .not in the contemplation of the parties to the contract sued upon at the time it was made, a loss of profits can not be recovered as damages. Railway v. Foreman, 73 Texas, 313; O'Connor v. Smith, 84 Texas, 237; Wells-Fargo v. Battle, 5 Texas Civ. App., 532; Pacific Express Co. v. Darnell, 62 Texas, 640; Alamo Mills v. Iron Works, 1 Texas Civ. App., 691; Railway v. Hayden, 71 Ga., 518; Snell v. Cottingham, 72 Ill., 161; Hunt v. Railway, 1 L. R. A., 842; De Kay v. Railway, 41 Minn., 178; 8 Am. & Eng. Ency. of Law, 593.

2. The facts alleged in the petition do not make a case authorizing the award of exemplary damages. International & G. N. Ry. v. Garcia, 70 Texas, 207; Railway v. Gordon, 72 Texas, 50; Railway v. Reed, 80 Texas, 366; Railway v. Shirley, 54 Texas, 142; Railway v. McDonald, 75 Texas, 47; Railway v. McDonald, 75 Texas, 47; Jones v. George, 61 Texas, 346; Railway v. Bonard, 58 Ga., 180.

3. There can be no ratification of an unlawful act except when the party alleged to have ratified the act is shown to be in possession of the full facts, and to have intended to adopt and be bound by the act. The mere retention of the purchase money paid for the ticket would not constitute a ratification. Smith v. Estell, 87 Texas, 264; Laredo v. McDonald, 52 Texas, 528; Halbert v. De Bode, 15 Texas Civ. App., 616.

PLEASANTS, ASSOCIATE JUSTICE.—Plaintiff in error brought this suit against the defendant in error to recover damages for the alleged breach of a contract of carriage. The petition alleges in substance that on February 7, 1904, plaintiff purchased a ticket from defendant's agent at Beaumont, Texas, entitling him to transportation as a passenger over ·defendant's road from the city of Beaumont to the town of Huntington, in Angelina County, Texas; that at the time he purchased the ticket defendant's train to Huntington was bulletined to · leave Beaumont at 9:30 a. m., which was its regular scheduled time, but that after plaintiff had procured his ticket, and paid therefor, said train was side-tracked, and did not leave until 12 o'clock of that day; that after the train had left, and before it reached the town of Kountze, in Hardin County, plaintiff complained to the assistant conductor, who was one of defendant's agents in charge of said train, of the delay in starting from Beaumont, and informed him that he had important business engagements on that day in the town of Lufkin, where he resided, and had ordered a conveyance to meet the train ·at Huntington and take him to Lufkin, and that he fully discussed with said agent the importance of his business; that when the train reached Kountze the assistant conductor came through the car and informed plaintiff that the engine had broken down, and the train would be kept there for an hour and a half waiting for an engine to be sent from Beaumont; that

plaintiff thereupon, in the hearing of said agent, and with his full knowledge, invited a number of his fellow passengers to go with him to dinner at an eating house a short distance from the railway station, and in sight of the train, and, this invitation having been accepted, plaintiff went to said eating house and ordered the dinner, but before it could be served the train left on its way to Huntington; that as soon · as he saw the train start he and those with him rushed to catch it, and some of them succeeded in doing so, but plaintiff failed, and was left at said station; that, being then unable to reach Lufkin on that day, he returned to Beaumont and went to Lufkin the next day, by way of Houston; that on account of his failure to reach Lufkin on said 7th day of February he was prevented from making a trade from which he would have realized a profit of $3,500, and that the additional expenses incurred by him by reason of his having been left at Kountze, as aforesaid, amounted to $11.70.

It is further alleged that the agent of defendant wilfully and maliciously, and with full knowledge of the facts, caused him to be left by the train as aforesaid, which act of said agent was ratified by the defendant, and it thereby became liable to him in exemplary damages in the sum of $5,000.

The allegations, giving the details of the business transaction which plaintiff claims he was prevented from concluding by the failure of the defendant to comply with its contract to carry him to Huntington within a reasonable time, are as follows: "Your said plaintiff would further represent unto the court that he had an important deal under consideration at Carlsbad, N. M., and that your said plaintiff, in connection with W. H. Bonner, had sent T. J. Bonner and A. J. Vinson, who resided in said town of Lufkin, Angelina County, Texas, to said town of Carlsbad, N. M., for the purpose of making examination into said deal, and closing the same by making payment thereon, if the same was found to be in substance as had been submitted in the written proposition to your said plaintiff and said W. H. Bonner, and that the actual expenses of said two parties aforesaid cost your said plaintiff and the said W. H. Bonner $160, and the one-half of this sum, to wit, $80, was paid by your said plaintiff to A. J. Vinson.

"Your said plaintiff would further represent unto the court that he had authorized his said agents as aforesaid, T. J. Bonner and A. J. Vinson, to go to the said city of Carlsbad, N. M., to make a careful examination into the land deal and stock of horses and cattle that had been offered to your said plaintiff, and after they reached there, if they found the condition of things as represented, or in substance as such as he desired them, to close the deal at once by putting up earnest money, and checking on your said plaintiff, to protect same by giving your said plaintiff such information concerning said deal, so he could protect the same at once.

"Your said plaintiff would further represent unto the court that, in response to said deal as aforesaid, the said T. J. Bonner, agent of your said plaintiff, who had gone there for the express purpose of closing and passing on said deal for your said plaintiff, wrote your said plaintiff on the 3d day of February, 1904, fully, as to what he found, the condition of each and every thing which had been submitted by the

owners thereof to your said plaintiff in writing, in connection with said W. H. Bonner, and in said letter the said T. J. Bonner, agent as aforesaid, itemized each and every thing that he found, showing said property to be of the value of $24,000, which property had been offered to your said plaintiff, in connection with W. H. Bonner, for the sum of $18,000, and after the arrival of the said T. J. Bonner and A. J. Vinson, as aforesaid, to the said city of Carlsbad, N. M., they found that the property was forced to be sold, and could be had for $15,000, and, in fact, said property did sell on Monday evening, on the 8th day of February, 1904, for the sum of $15,000, instead of $18,000, as had been submitted to your said plaintiff and W. H. Bonner, being the price said property was offered for; this would leave a net profit on said deal of $7,000, which your said plaintiff would have made to his part the sum of $3,500.

"Your said plaintiff would further represent unto the court that he would have made on said deal the sum of $3,500 profit if the said deal had been closed within the time agreed upon by the said T. J. Bonner and the owners of said property, and your plaintiff here alleges, charges and says that he was damaged in the sum of $3,500 by said defendant company failing to comply with their contract as aforesaid, and as hereinafter stated, and your said plaintiff would further represent unto the court, and here allege, charge and say that the acts of said defendant company and its employes, as aforesaid, were wantonly, wilfully and maliciously done, for the express purpose of vexing, harassing and damaging your said plaintiff, and he here sues for the sum of $5,000 as exemplary damages, as well as the sum of $15.20 as actual funds paid out by your said plaintiff in reaching his said home, all of which was caused through the negligent, wilful and malicious acts of your said defendant company.

"Your said plaintiff would further represent unto the court that if he could have reached his home, in the said town of Lufkin, Angelina County, Texas, on Sunday, the 7th day of February, 1904, he would have reached there in time to have answered the letter he received, or which reached its destination—to say, Lufkin, Texas—during the absence of said plaintiff, which would have been in time to have protected the trade, as aforesaid, in New Mexico, which he would have wired at once, closing said deal, but, owing to the fraud and neglect of defendant company in not transporting your said plaintiff according to their said contract, and causing your said plaintiff to get out and leave said car at Kountze, Texas, as aforesaid, your said plaintiff failed to reach the said town of Lufkin in time to protect said deal, as aforesaid, and lost the same through the fraudulent acts of said defendant company and its employes, and he here sues for the sum of $3,500 as actual damages lost in said deal, as aforesaid."

The prayer is for the recovery of each of the three amounts before stated. The trial court sustained special exceptions interposed by the defendant to the allegations of the petition claiming special and exemplary damages, and, plaintiff declining to amend, the suit was dismissed, the amount claimed as additional expenses incurred by plaintiff being below the jurisdiction of the court.

Without considering other questions presented by defendant's spe-

cial exception to that portion of the petition claiming special damages by reason of plaintiff's having been prevented from making his "land and cattle deal," we are of opinion that the objection that the petition fails to "give the names of the parties with whom said deal was to be made," was properly sustained. The defendant was entitled to have the petition state all the facts in regard to the alleged transaction in order that it might make the investigation necessary to a proper preparation of its defense. Information as to names of the parties with whom it was alleged the deal could have been made was necessary in order to enable the defendant to investigate and meet the allegation, and the trial court properly sustained the special exception asking for this information.

The exception to the claim for exemplary damages was also properly sustained, because, even if it be conceded that facts are alleged from which malice could be implied, no act of ratification by the defendant of the alleged wrongful act of its agent is shown, and no facts are alleged from which such ratification can be implied. (Jones v. George, 61 Texas, 346; Railway Co. v. Garcia, 70 Texas, 207; Railway Co. v. Gordon, 72 Texas, 50; Railway Co. v. McDonald, 75 Texas, 47; Railway Co. v. Reed, 80 Texas, 366.)

These exceptions having been properly sustained, and the plaintiff declining to amend, the amount involved in the suit, after the claims for special and exemplary damages were eliminated, being below the jurisdiction of the court, it was rightly dismissed. (Haddock v. Taylor, 74 Texas, 216.)

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*