## GULF, COLORADO & SANTA FE RAILWAY COMPANY V. W. B. HAMILTON.

No. 6493.   Decided January 8, 1936.
Rehearing overruled February 5, 1936.
(89 S. W., 2d Series, 208.)

*W. P. Donaldson,* of Dallas, *Terry, Cavin & Mills,* of Galveston, for plaintiff in error.

*Robert H. Jones, Jr., Hamilton & Hamilton,* all of Dallas, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

■ This case originated in the county court. The general rule is that the Supreme Court has no jurisdiction of cases originating in that court. An exception to that rule exists in cases involving conflicts between decisions of the Courts of Civil Appeals or between a decision of one of such courts and a decision of the Supreme Court. It is sought to bring this case within this exception by the allegation that the decision of the Court of Civil Appeals is in direct conflict with the decisions of the Supreme Court in the cases of International & Great Northern Railroad Co. v. Garcia, 70 Texas, 207, 7 S. W., 802; International & Great Northern Railroad Co. v. McDonald, 75 Texas, 41, 12 S. W., 860, and Western Union Telegraph Co. v. Brown, 58 Texas, 170, 44 Am. Rep., 610.

■ The character of conflict which must exist between the decision of the Court of Civil Appeals and prior decisions of such courts or of the Supreme Court in order to confer jurisdiction upon the Supreme Court in cases originating in the county court under Articles 1728 and 1821 has been often announced. Our Chief Justice in Garitty v. Rainey, 112 Texas, 369, 247 S. W., 825, employed this language in stating the rule:

"The conflict must be well defined. An apparent inconsistency in the principles announced, or in the application of recognized principles is not sufficient. The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other. In other words, the rulings alleged to be in conflict must be upon the same question, and, unless this is so, there can be no conflict."

Among other decisions announcing the same rule we note the following: Sun Mutual Insurance Co. v. Roberts et al., 90 Texas, 78, 37 S. W., 311; Layton v. Hightower, 118 Texas, 166, 12 S. W. (2d) 110; Jarecki Mfg. Co. v. Hinds (Com. App.), 6 S. W. (2d) 343; Jones v. Hickman, 121 Texas, 405, 48 S. W. (2d) 982; Harris v. Willson, 122 Texas, 323, 59 S. W. (2d) 106; Mooers v. Hunter, 67 S. W. (2d) 860; Garcia v. American National Ins. Co. (Com. App.), 78 S. W. (2d) 170; City

National Bank in Childress v. Phillips Petroleum Co. (Com. App.), 78 S. W. (2d) 576.

In the instant case defendant in error was awarded judgment against plaintiff in error for $250.00, made up of the items of $186.00 actual damages; $12.09 interest thereon, and $51.91 exemplary damages. The particular ruling complained of in the application pertains to the allowance of exemplary damages. The opinion of the Court of Civil Appeals based the right of defendant in error to exemplary damages upon the fact that plaintiff in error was guilty of gross negligence in refusing to transport certain cattle tendered by defendant in error to it for transportation on its through train. It was the view of the Court of Civil Appeals that the duty of plaintiff in error to transport appellee's cattle was non-delegable, and that the conductor designated by it to perform that duty was not a mere employee, but was in law the carrier itself. In support of this conclusion the opinion cites Chronister Lumber Co. v. Williams, 116 Texas, 209, 288 S. W., 402. We are not presently concerned with whether the conclusion announced by the Court of Civil Appeals is correct. Our jurisdiction to determine that question does not exist unless such holding is in conflict with the holdings in the cases above cited.

There is no correspondence between the facts of the instant case and those in the cited cases. In the case of International & Great Northern Ry. Co. v. Garcia, supra, the plaintiff sustained personal injuries through the negligence of the employees of the railroad company and was awarded both actual and exemplary damages. The opinion announced the general, well recognized rule that, when exemplary damages are claimed, the petition should allege the acts and circumstances constituting the gross negligence of the company itself upon which the claim for exemplary damages is predicated, and, interpreting the petition in that case, it was concluded that same contained no such allegations. The negligent act was committed by mere employees and not by the carrier itself, according to the allegations and proof.

In the case of International & Great Northern Railroad Co. v. McDonald, supra, the action was for actual and exemplary damages under the death statute. The right to such damages was denied by the court and the general rule announced that such damages can be recovered against a corporation for the negligence of a servant only when the act causing death was performed by the direction of the company or when it ratified

and adopted the act after its performance. The negligent employee was held not to be the company's alter ego.

The case of Western Union Telegraph Co. v. Brown, supra, was an action for actual and exemplary damages because of the negligent failure of the Telegraph Company to deliver a message. The message never reached its destination, nor could it be traced beyond a town near that from which it was sent. The opinion announces the same general rule with reference to exemplary damages as that announced in the two cases, supra.

The opinion in the instant case recognizes this same general rule, but concludes that, by its application to the facts, exemplary damages were recoverable; that the company itself was guilty of gross negligence. From what has been stated, it is obvious that there does not exist that character of conflict necessary to confer jurisdiction upon this Court.

■ In the second ground of jurisdiction it is claimed that the construction of Article 6490, R. S. 1925, is involved. That article deals with the duty of a railroad company with reference to receiving, transporting and delivering freight. The decision of the Court of Civil Appeals does not rest upon a construction of that statute. It is but incidentally involved. The duty to transport is prescribed by that statute, but the question of whether exemplary damages are allowable under the facts of this case does not rest upon any construction thereof.

■ Although the application for writ of error has heretofore been granted, it is the established practice of this Court that if, upon a more mature consideration, after submission of the case on its merits, it is determined that this Court is without jurisdiction, the writ of error will be dismissed for want of jurisdiction. That order will be entered in this case. Dismissed for want of jurisdiction.

Adopted by the Supreme Court January 8, 1936.

Rehearing overruled February 5, 1936.