WILLACY COUNTY WATER CONTROL &
IMPROVEMENT DIST. NO. 1 et al. v.
CANTRELL.
No. 11207.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 10, 1943.

Rehearing Denied March 3, 1943.

Sawnie B. Smith, of Edinburg, and James W. Strawn, and M. J. Glarner, both of Raymondville, for appellants.

Jesse G. Foster, of Raymondville, for appellee.

MURRAY, Justice.

This suit was instituted by S. R. Cantrell against Willacy County Water Control and Improvement District No. One and Willacy County, seeking to recover the sum of $620.50 damages alleged to have been caused by an overflow of land rented by Cantrell for farming purposes, alleged to have been occasioned by the construction, jointly by said District and said County, of a large drainage ditch from a point near Raymondville extending east across Willacy County and emptying into Bowden Lake or Lagoon, near Cantrell's rented land, and the construction of various laterals into said ditch, whereby the natural drainage over the intervening area was changed and drainage waters diverted and concentrated into said ditch and discharged into said Bowden Lake without providing adequate outlets from said lake, or without providing proper levees for impounding said waters in said lake, whereby said lake was overtaxed and caused to overflow Cantrell's rented land, causing the damages alleged.

The trial was to a jury and judgment for Cantrell in the sum of $483.99 was entered, based upon the findings of the jury, and the County was given judgment over and against the Water District for any and all sums that it might be required to pay by reason of such judgment.

From this judgment the Water District and the County have appealed.

Appellants complain, among other things, because of the measure of damages submitted by the trial court to the jury, wherein the jury were instructed as follows:

"As to the crops, other than grass, the measure of recovery would be the reasonable market value of the crops that would have been produced and harvested, if any, less the cost of preparing the land and producing and harvesting such crops, but the amount of such recovery, if any, must be determined, with reasonable certainty, from the evidence before you."

This charge was erroneous and requires a reversal of the judgment. The crops referred to were an anticipated cotton crop and watermelon crop. Neither the cotton nor the watermelons had been planted. The anticipated profits from an unplanted crop cannot be recovered for temporary damage to land caused by flood waters. The proper rule is well stated in Lone Star Gas Company v. Hutton,

Tex.Com.App., 58 S.W.2d 19, 20, 21, as follows:

"But, if the land is not permanently injured, a different rule applies where the land is caused to overflow by the negligent acts of another, and, if the owner, by reason thereof, is unable to plant and cultivate a crop thereon during that season, he is entitled only to a reasonable rental value of the land, and not the probable value of the crops, less the cost of cultivation."

Appellee in effect concedes that this is the correct rule as to landlords or owners of the flooded lands, but contends a different rule should be applied as to tenants. We can see no reason for having a different rule for a party who holds a leasehold estate in the land from one who holds a fee simple estate. Of course, either the owner or tenant may, in addition to a reasonable rental for the land, also recover the reasonable value of any work he may have performed in preparing the land for planting before the damage occurred.

The judgment will be reversed and the cause remanded.