S. R. CANTRELL V. WILLACY COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1 ET AL.

No. 8096. Decided June 23, 1943.
(172 S. W., 2d Series, 294.)

336

*Jesse G. Foster,* of Raymondville, for petitioner.

*Sawnie B. Smith,* of Edinburg, for the Water Control and Improvement District, and *M. J. Glarner* and *Jas. W. Strawn,* both of Raymondville, for Willacy County, the respondents.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a county court case. The opinion of the Court of Civil Appeals is reported in 169 S. W. (2d) 203. In the interest of brevity we refer to that opinion for a complete and correct statement of the facts and issues involved.

Petitioner's ground of jurisdiction in the Supreme Court is stated in his application for writ of error as a conflict between the decision of the San Antonio Court of Civil Appeals in this case and the decision of the Dallas Court of Civil Appeals in the case of Williams v. Gardner, 215 S. W. 981. It was on this alleged conflict that we granted this writ of error.

In the case at bar the opinion of the Court of Civil Appeals holds that where land rented for a crop year by a tenant from the owner for money rent is wrongfully caused to be flooded by water by a third party, before any crops are planted, and the tenant is thereby prevented from planting or raising any crops, the tenant's measure of damages is the rental value of the rented premises for the crop year involved. In Williams v. Gardner,

supra, the opinion of the Court of Civil Appeals at Dallas holds that where a landowner rents land to a tenant for a crop year on shares, and then forcibly ejects such tenant while in possession by writ of sequestration, in violation of the rent contract, the measure of the tenant's damages is the value of the tenant's share of the crop he would have raised on the land had his possession remained undisturbed by his landlord, less proper deductions for expenses, etc. We think that this statement demonstrates that the facts in this case and the facts in Williams v. Gardner, supra, are so materially different that we have no conflict of decision as is contemplated by Subdivision 1 of Article 1821 and Subdivision 2 of Article 1728 of our Civil Statutes. Gulf, C. & S. F. Ry. Co. v. Hamilton, 126 Texas 542, 89 S. W. (2d) 208, and numerous authorities there cited. As announced by the opinion in the case just cited, in order for the Supreme Court to acquire jurisdiction to review a decision of the Court of Civil Appeals in a county court case, on the ground of conflict between decisions, the rulings alleged to be in conflict must be upon some question of law, and so far upon a similar state of facts that the decision in the one case necessarily overrules the decision in the other. It is evident that we have no such conflict between the decision in the case at bar and the decision in William v. Gardner, supra. In this case we have the question of the measure of damages in a pure tort case. In Williams v. Gardner, supra, this is not true. Of course, in that case the dispossession by writ of sequestration was a tort, but it was such because it violated the rental contract. The measure of damages was for violation of a contract.

This petition for writ of error was improvidently granted, and it is therefore dismissed.

Opinion delivered June 23, 1943.