### Joseph M. Evans v. James B. Pigg.

A motion to dismiss on account of defects in the appeal bond, as, for instance, that the transcript does not show that the bond was approved and filed by the district clerk, must be made at the return term of the appeal, provided the cause was docketed at or before the time allotted for the trial of appeals from the district. (Paschal's Dig., Arts. 1491, 1587, Notes 583, 614.)

The rule established in Horton v. Bodine, 19 Tex., 283, which has been adhered to since, is as follows: "But for the future the rule of practice shall

be, that the motion shall be made at the return term of the appeal, provided the cause be docketed at or before the time allowed for the trial of appeals from the district court." (Paschal's Dig., Note 584, p. 369.)

Questions which involve the jurisdiction of this court will be considered at any stage of the case, irrespective of the manner in which it was raised, and of the lapse of time since the docketing of the cause. (Paschal's Dig., Note 182, p. 57.)

Where the appeal bond imbodied in the transcript is in all respects unexceptionable, save that it bears no entry of the district clerk's approval and file-mark, the fact that it is imbodied in the transcript affords presumptive evidence that it was approved by the clerk; and the date of the bond itself, in the absence of proof to the contrary, by affidavit or otherwise, may well be presumed to be the date of its approval and file. (Paschal's Dig., Art. 1491, Note 583.)

The defendant was sued for certain cattle purchased by him from their former owner. The plaintiff claimed the cattle under a prior purchase from the agent of the same former owner, and adduced proof of his purchase, and that he paid for the cattle in a debt due him by the agent and his principal, the former owner of the cattle. The defendant introduced the agent as a witness, for the purpose of disproving the plaintiff's alleged purchase: *Held*, that the witness was not disqualified by reason of interest, inasmuch as, if the object of his introduction were accomplished by his evidence, his indebtedness to the plaintiff was thereby shown to be still subsisting, and therefore his testimony was against his interest.

The defendant offered in evidence the deposition of his vendor, having, before taking it, filed among the papers in the cause a release (indorsed on the bill of sale) of the witness from all liability by reason of his bill of sale. The plaintiff objected to the deposition, on the ground that there was no evidence of delivery of the release or notice thereof, or notice to the witness, before the taking of the deposition: *Held*, that the mere filing of the release, without any circumstance showing directly or inferentially that the witness had notice of it before deposing, cannot be regarded as a delivery of it to the witness, either actual or constructive, and consequently that the objection was well taken and was erroneously overruled.

The objection of interest proceeds on the presumption that the mind of the witness may be biased by his interest, and the purpose of a release is to remove such bias, which purpose is not accomplished unless the witness, before testifying, was notified of the release to him of all interest in the matter. Therefore, any delivery of a release which falls short of giving to the witness, before his testimony is taken, notice of the execution of the release, is insufficient to remove the objection of interest and restore the competency of the witness.

Where the court is of opinion that the plaintiff failed to make out his case, yet, if the verdict may have been influenced by improper evidence for the defendant, a new trial will be ordered.

APPEAL from Parker. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The appellant brought this suit to recover from the appellee a small lot of cattle, with damages for their detention. He set out his title specifically in his petition, alleging that he had purchased the cattle from one Alston, as the agent of one Scarborough, and that he paid for them with a balance due him on a joint note executed to him by the said Alston and Scarborough. He alleged that the cattle were delivered to him in accordance with his purchase, and that he retained possession of them until the defendant wrongfully took and drove them away.

The defendant denied generally the allegations contained in the plaintiff's petition, and further plead that the cattle were his own property, and not that of the plaintiff.

Two trials of the case were had, resulting in verdicts for the defendant. On the last trial, from which this appeal was taken, the plaintiff proved by his brother the purchase of the cattle from Alston, who was the step-son of Scarborough, and the payment for them in the manner alleged in the petition. The same witness testified that Alston had been in the habit of transacting business for Scarborough, and that the latter had on several occasions carried out contracts made for him by Alston. This witness stated that Alston was authorized to make contracts for Scarborough. The plaintiff introduced other witnesses, whose evidence tended to establish his case.

The defendant introduced two witnesses, who swore that the general character of the plaintiff's brother and witness was, that he was untruthful.

He next offered the deposition of D. B. Scarborough, under whom both parties claimed title to the cattle. This witness testified that he had sold the cattle to the defendant at a date subsequent to the time of their alleged purchase by the plaintiff from Alston. He stated that Alston was never authorized to sell the cattle; that he was never

an agent of the witness for any purpose; that he, witness, had given defendant a bill of sale for the cattle, and much more to the same effect.

Defendant introduced the bill of sale from Scarborough to himself, on which was indorsed a release to Scarborough of all liability on account of the sale. There was no evidence showing that Scarborough knew anything about this release.

In advance of the trial, the plaintiff had moved to suppress the deposition of Scarborough, assigning sundry reasons in his motion; but the motion was overruled. When the deposition was offered on the trial, the plaintiff objected to it that Scarborough, the deponent, was interested by virtue of his sale; but the court overruled the objection, on the ground that the release indorsed on the bill of sale extinguished any interest the witness might otherwise have had.

The defendant also introduced the deposition of Alston. The plaintiff made the same objection of interest, but the court overruled it. The plaintiff excepted to the ruling of the court admitting the depositions of Scarborough and Alston. The latter testified that he had never sold the cattle to the plaintiff, and denied that he, the witness, had any authority from Scarborough to sell them.

The court instructed the jury that an implied agency must be special in its character, and, in effect, that a general agency could not arise by implication.

There being a verdict for the defendant, a motion for a new trial was made by the plaintiff, but the court overruled it, and the plaintiff took his appeal. The errors relied on are indicated sufficiently in the opinion of the court.

There was a preliminary motion to dismiss the appeal, because it bore no file-mark, and because it bore no evidence of approval by the clerk.

*Norton & Fisk*, for appellant.

*J. J. Good*, for appellee.

COKE, J.—This case was returnable to the October term, 1859, of this court, and the record was filed on the 10th day of October of that year. At that term the case was continued by consent.

On the 12th day of December, 1860, a motion was filed by the appellee to dismiss, because the appeal bond does not appear to have been approved or filed by the clerk of the District Court of Parker county. This motion, not having been made at the return term, is obnoxious to the rule laid down by this court in Horton v. Bodine, 19 Tex., 283, where, in reference to motions to dismiss for defects in the appeal bond, it is said, "But for the future the rule of practice shall be, that the motion shall be made at the return term of the appeal, provided the cause be docketed at or before the time allotted for the trial of appeals from the district;" which rule has been constantly adhered to since its announcement, and may be regarded as one of the settled rules of practice of this court. Questions which involve the jurisdiction of the court will of course be considered at any time that they may come to our notice, however great the lapse of time may have been after docketing the cause in this court, and whether raised by motion to dismiss or brought to our attention in any other way. But it is not believed that any question of jurisdiction is involved in this motion. The appeal bond in its terms conforms to the requirements of the statute. The judgment appealed from was rendered July 5, 1859, and three days after (July 8) the bond was executed and bears date. The fact that this bond is imbodied in this transcript affords presumptive evidence that it was approved and accepted by the clerk. The mere fact of his failure to

indorse his approval and the date of its filing on the bond is not believed to be destructive of the effect of the bond, when it sufficiently appears by other evidence that the clerk has in fact approved it. The date of the execution of the bond, in the absence of affidavits or other proof to the contrary, may well be presumed to be the date of its approval and deposit among the papers of the case, thus showing the appeal to have been perfected within the required time.

The motion to dismiss is overruled.

Proceeding to a consideration of the questions presented by the assignment of errors, we are of opinion that there was no error in the admission of the testimony of the witness Alston. His testimony was introduced by the defendant for the purpose of defeating a recovery of the cattle alleged to have been sold to plaintiff by the witness as agent of Scarborough, and his testimony positively negatives the alleged sale. If the object for which his evidence is introduced is accomplished, Alston's debt to Evans, which is alleged to have been paid by that sale, is revived. He, therefore, was testifying against his interest, and the objection that he was incompetent, on account of interest, was consequently not well taken.

But there was manifest error in overruling the objection to the deposition of the witness Scarborough on the ground of interest, and in admitting it as evidence to the jury. His interest originally is admitted by the defendant, but it is contended that his competency is restored by the release executed 31st May, 1858.

This release is indorsed on a bill of sale of the cattle, which Scarborough executed to the defendant on the 15th October, 1855. The bill of sale, with this indorsement, was filed in the papers of this case on the 31st May, 1858.

There is no evidence in the record of a delivery, either actual or constructive, of this release to the witness, Scar-

borough. It is believed that the defendant intended the filing of it in the papers of the case as a delivery.

The terms of the release are sufficiently broad to release Scarborough from all liability over, and consequently to remove the objection of interest, and if Scarborough was shown by anything in the record to have had notice of its execution before his deposition was taken, or if any circumstances were proved from which such notice might reasonably be inferred, the filing of the release in court might be held as sufficient delivery. What amounts to a delivery of a release, for the purpose of restoring the competency of a witness, must be determined with reference to the purpose for which the instrument is executed. The objection of interest proceeds on the presumption that it may bias the mind of the witness, which objection it is the purpose of the release to remove, and this is not done unless the witness is notified that he has no interest before he deposes. (1 Greenl. on Ev., § 429; 4 Hill, 255.)

Any delivery of a release which falls short of giving the witness notice of its execution is, we think, insufficient to remove the objection of interest and restore the competency of the witness. (Stall v. Catskill Bank, 18 Wend., 473.)

There is no proof in the record that Scarborough has ever yet heard of this release, nor are there any circumstances in proof from which such notice may be inferred, unless the isolated fact that it is on file among the papers of this case in the district clerk's office of Parker county is such evidence.

Whatever the presumptions from that fact might be if Scarborough lived in Parker county, we are very clear that, living as he does in a distant county, and not having been proved to have been in Parker county since the execution of the release, he cannot be presumed from that circumstance alone to have had notice of its execution.

The testimony of this witness was direct and important on the issue joined in this case; the verdict is in accordance with it; and while we are of opinion that the plaintiff failed to make out his case by proof, we cannot undertake to say that the jury were not influenced by this testimony thus illegally admitted. The judgment must therefore be reversed.

It is not deemed necessary to notice the other assignments of error, further than to say, (as on another trial defendant may show that Scarborough was notified of the release before he deposed,) that the other objections to his testimony, and to the manner of taking and returning his deposition, are not well taken.

The judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.