## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. V. F. ZANTZINGER ET AL.

### No. 791. Decided November 6, 1899.

**1. Master and Servant—Authority to Eject Trespassers.**

When one places his property in the possession and under the control of another, the right to protect that possession, as well as the right to prevent any interference with its immediate use, springs out of the posesssion and out of the duty to control and manage it. (P. 67.)

**2. Same.**

The fact that a switch engine was operated by defendant's engineer, who had the absolute possession of the machinery of the engine, was sufficient to warrant the submission of the question of such engineer's authority from his employer to eject a trespasser riding on the footboard of the engine, though his presence did not interfere with the actual manipulation of the machinery. (Pp. 65-68.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Wharton County.

The suit was brought by Zantzinger, and the defendant company obtained a writ of error on the affirmance, upon its appeal, of a judgment for plaintiff. The opinion of the Supreme Court upon certified questions in this case is reported in 92 Texas, 365.

*A. L. Jackson,* for plaintiff in error.—The honorable Court of Civil Appeals erred in finding as a fact that the engineer had authority to eject Almer Campbell from the footboard. The undisputed facts show (1) that the engineer's duties required him in the cab and not on or near the footboard, and that the removal of trespassers from the footboard was inconsistent with his duties as engineer; (2) that he was subordinate to and acted under the orders and direction of the foreman; (3) that the footboards were designed and provided for the use and occupancy of the foreman and switchmen, and were under the control and charge of the foreman; and thus it follows from the undisputed facts, that the removal of persons from the footboard was an act beyond the scope of the engineer's duty, and the trial court should have so held, as a matter of law. Railway v. Cooper, 88 Texas, 609; Railway v. Anderson, 82 Texas, 518; Railway v. Black, 87 Texas, 161; Railway v. Yarbrough, 39 S. W. Rep., 1096; Cauley v. Railway, 98 Pa. St., 498; Carter v. Railway, 8 A. & E. Ry. Cases, 347; 22 Id., 361; Isaacs v. Railway, 47 N. Y., 122; Wood's Law of Mast. and Serv., sec. 307.

Under the undisputed facts, the foreman, and not the engineer, in

control of the switch crew, was vested with the exclusive duty and authority to remove trespassers from the footboard, and the effect of the charge was to put in issue, as an open question, whether the engineer had such authority, and thus deprive the defendant of an undisputed fact in the case. The evidence offered by the defendant on the trial below conclusively shows the actual authority, and thus any question of implied authority was eliminated from the case. Railway v. Anderson, 82 Texas, 518; Brevig v. Railway, 66 N. W. Rep., 401; 3 Elliott on Railroads, 1961.

The honorable Court of Civil Appeals, in refusing to sustain the fourth assignment of error, erred in failing to hold the charge defective and erroneous, in this: that it authorizes recovery for the alleged conduct of the engineer in throwing water or steam upon Almer Campbell, without regard to the question whether the act complained of "was, at the time, being done in the discharge of duty by the servant as such." Even if the act was done for the purpose of frightening or scaring the trespasser off the engine, it would not follow necessarily that the servant contemplated the further purpose of "forwarding the business of the master" by such conduct. Railway v. Cooper, 88 Texas, 609; Railway v. James, 73 Texas, 12; Pierce on Railroads, 277.

*J. V. Meek, O. T. Holt*, and *J. H. Davenport*, for defendants in error. It being shown that the engineer was in exclusive charge of the locomotive engine, and that he was responsible for its proper operation and preservation, he had implied authority to eject persons riding thereon, and it was not error for the court to submit the issue to the jury as to whether or not he had authority to eject persons riding upon the engine, and there could be no injury to appellant in submitting the question as a controverted fact, rather than in charging the existence of the authority as a matter of law. Railway v. Anderson, 82 Texas, 516; Carter v. Railway, 8 Am. and Eng. Ry. Cases, 348; same case, 22 Am. and Eng. Ry. Cases, 360; Ramsden v. Railway, 104 Mass., 117; Schultz v. Railway, 89 N. Y., 242; Railway v. Dunkin, 15 Am. and Eng. Ry. Cases, 422; Railway v. Toomey, 1 Am. and Eng. Ry. Cases, 461; Johnson v. Railway, 58 Iowa, 348; Wood's Law of Mast. and Serv., secs. 279, 280, 283.

BROWN, Associate Justice.—"The plaintiff, Mrs. E. S. Zantzinger, who is joined in this action by her husband, is the mother of Almer Campbell, a minor, and this suit was in her own behalf, as well as in behalf of her son, to recover damages for personal injuries sustained by him, as it is claimed, through the negligence of the appellant, who was defendant below.

"The evidence adduced at the trial showed that defendant had a train of cars attached to the front end of a switch engine which was running backwards pulling the cars after it into the city of Houston from a neighboring station. The switch engine had no pilot or 'cow-

catcher' in front of it, but, attached at each end, was a footboard extending across the track. The car nearest the engine was a flat car, several feet intervening between it and the footboard. While the train was slowly moving, Almer Campbell, without permission of anyone, and contrary to the rules of the company, went upon the footboard for the purpose of riding into Houston, and stood upon it between the engine and flat car. After he had ridden a short distance, the cylinder cock of the engine was opened by the engineer and hot water and steam were thereby thrown upon his legs and feet, whereupon he sprang from the footboard towards the flat car, intending to get upon the latter, but missed it and fell upon the track and was run over and injured so that he lost, practically, the use of one of his legs. The evidence is sufficient to show that the cylinder cock was opened by the engineer for the purpose of throwing the steam and water upon the boy, in order to make him get off the engine, but the evidence does not warrant the conclusion that the engineer intended more than this, or that he intended to injure Campbell in the way in which he was injured. The engineer had authority to eject persons wrongfully riding upon the engine. The evidence is also sufficient to show that the fright and pain caused to Campbell by the steam and water also caused him to lose his presence of mind, and to make the leap in order to escape. He testified that he was facing the engineer with his back to the flat car, and that after the escape of the steam and water commenced, he turned and made the leap, calculating to reach the flat car with his feet but not with his hands; that after he fell between the cars, he crawled forty or fifty feet in the direction in which the train was moving in order to avoid the brake beam under the flat car, and then attempted to get across the rail and was caught. There is also evidence tending to show that the engineer saw Campbell fall between the cars, knew his danger, and could have stopped the train in time to have avoided the injury. The uncontradicted evidence shows that in getting upon the footboard Campbell was a trespasser and was guilty of negligence, and the court below so instructed the jury. He was nearly seventeen years of age, and understood the dangers and risks of the situation."

The plaintiff in error presents a number of objections to the judgment in this case which we think it unnecessary to discuss, except that the evidence was not sufficient to support the trial court in submitting to the jury the question of authority in the engineer to eject Almer Campbell from the footboard of the engine. If the evidence is sufficient to sustain the verdict, the objection must be overruled, although the preponderance may be in favor of a contrary conclusion.

It was proved that a switch engine engaged in moving cars on the defendant's track near the city of Houston was being operated by J. D. Middleton, the engineer, who, according to the testimony of the foreman of the crew, had "the absolute possession of the machinery of the engine," the foreman having the right to direct the engineer when to move or stop and where to go. The engineer occupied the cab of the

engine, and could not occupy the footboard while engaged in moving the locomotive. It is evident that the engineer had complete and absolute control of the movements of the engine, and although he in fact sat in the cab while operating it, the greater part of the machinery over which he exercised control was outside of the cab.

When one places his property in the possession and under the control of another, the right to protect that possession, as well as the right to prevent any interference with its immediate use, springs out of the possession and out of the duty to control and manage it. Carter v. Railroad, 98 Ind., 552; Hoffman v. Railroad, 87 N. Y., 25.

The case of Carter v. Railroad, cited above, is very much like this. In that case, a switch engine was being operated in the yards of the railroad company, when one who had no right climbed upon the front of the locomotive under the headlight, and the engineer, who was in charge of the machinery, forcibly expelled him while the engine was in motion. The trespasser was injured and brought suit for damages. The railroad company claimed that the engineer acted without authority, but the court held that, being in charge of the locomotive, the engineer had authority to eject intruders, and in support of the conclusion, the court said: "We think the appellee, by placing its servants in possession of a switch engine for the purpose of placing and replacing cars upon the track at Lafayette, impliedly gave them authority not only to retain the exclusive possession of the engine while so engaged, but to remove from it all trespassers and wrongdoers. * * * Because the employer might, if present, remove from its engine a trespasser or from its station-house an intruder, so may the servant to whom the possession, care, and use of the station-house or switching engine have been intrusted, remove from the one or the other trespassers and wrongdoers. It is the right of possession in the master and the duty of the servant to whom the property has been intrusted to keep and maintain that possession for the master which give the latter the right to remove trespassers." We do not think that it was necessary that Almer Campbell's presence should interfere with the actual manipulation of the machinery by the engineer to authorize the latter to eject him from the footboard, but, being in the possession and control of the locomotive, it was the right and duty of the servant to protect that possession and to use his control for the benefit of his employer. If the authority of an engineer were restricted to the cab, the greater part of the machinery operated by him would be beyond his protection and he must sit in his place and see the operation of the locomotive prevented or the rights of the owner invaded with no power to protect the property. The presence of a trespasser upon the footboard or any part of a locomotive is an invasion of the owner's rights and the servant need not wait until his work is hindered or the property endangered before doing what the master could do if present. It is our opinion that there was sufficient evidence to require the court to submit to the jury the issue of authority, expressed or implied, of the engineer to eject the trespasser on this occasion.

The issue was fairly and clearly submitted by the court and found against the railroad company.

The case of International, etc., Railway Company v. Anderson, 82 Texas, 516, does not conflict with this view. In that case, the trial court practically instructed the jury that the law would presume authority for a brakeman to eject trespassers from a train and devolved upon the railroad company the burden of disproving the existence of such authority. This court said: "But whether the act in question can be implied from the general authority conferred upon the servant, must, in general, depend upon the nature of the service he is engaged to perform and the circumstances of the particular case. * * * An engineer has the charge and control of his engine, and it is necessary for the safe performance of the important duty devolved upon him that he should have authority to remove persons trespassing upon it," etc. In that case the issue was upon the act of a brakeman, and that portion of the opinion quoted with reference to an engineer is simply by way of argument and illustration, but we call attention to it to show that it was intended to hold that the question of authority or not is one of fact to be determined by the jury like any other issue and not a matter of law to be decided by the court.

We find no error in the judgments herein, and it is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be affirmed.

*Affirmed.*