HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. GEORGE BELL.

No. 1235. Decided June 25, 1903.

1.—Case Approved.

The rulings and judgment of the Court of Civil Appeals in this case approved. (Pp. 72-74.)

2.—Charge—Reconciling Conflicting Evidence.

The court should not charge a jury that it is their duty to reconcile conflicts in testimony if it can be done; but the giving of such charge is not ground for reversal where, the conflicting evidence being wholly irreconcilable, the instruction can not have misled them. (P. 74.)

Error to the court of Civil Appeals for the Third District, in an appeal from Travis County.

The railway company prosecutes error from a judgment affirming a recovery of damages in a suit brought against it by Bell.

*Gregory & Batts* and *Frank Andrews,* for plaintiff in error.—The evidence is wholly insufficient to sustain the verdict and judgment, because the record conclusively shows that the assault of which the plaintiff complained was not made upon him in the discharge of any duty

which McCleary or Robertson owed the defendant, nor in the protection of any of the defendant's property, nor to prevent any use or abuse thereof; but that the fight resulting in the blow which injured him was the result of personal resentment, hot temper, and bad blood, and the defendant can not be held liable therefor.

The charge is upon the weight of the evidence; is erroneous, misleading and confusing, and did not leave the jury untrammeled to pass upon the facts in the case, and should not have been given. While a jury might consider everything named in the charge, it is not proper for the judge who presides at a trial to prescribe them as tests to be applied by the jury, because in doing so he comments upon the weight of the testimony. Dwyer v. Bassett, 63 Texas, 277; Willis & Bro. v. Whitsitt, 67 Texas, 677; Davidson v. Wallingford, 88 Texas, 624; Eddy v. Lowry, 24 S. W. Rep., 1077; Railway Co. v. Osborne, 26 S. W. Rep., 275.

*S. B. Kemp* and *Hart & Townes,* for defendant in error.—The evidence is amply sufficient to support the verdict and judgment of the court below, the testimony showing conclusively that the assault of which plaintiff complains was made upon him by the defendant's employes, McCleary and Robertson, in the discharge (or assumed discharge) of their duty to the defendant company of protecting the freight in defendant's warehouse, and that the assault did not arise from any personal difficulty or misunderstanding between plaintiff and defendant's said servants. International & G. N. Railway Co. v. Anderson, 82 Texas, 520; Railway Co. v. Duncan, 88 Texas, 611; Lipscomb v. Houston & T. C. Railway Co., 64 S. W. Rep., 923, 95 Texas, 5; Railway Co. v. Cooper, 88 Texas, 607; Railway Co. v. Prentice, 13 Sup. Ct. Rep., 261; Burlington & Q. Railway Co. v. Sykes, 96 Ill., 162; Lynch v. M. E. Railway Co., 90 N. Y., 77; Marion v. Chicago, R. I. & P. Railway Co., 13 N. W. Rep., 415; Geraty v. Stern, 30 Hun, 426; Higgins v. Turnpike Co., 46 N. Y., 23; Railway Co. v. Bayfield, 37 Mich., 205; Peck v. N. Y., C. & H. Railway Co., 70 N. Y., 590; Rounds v. Railway Co., 64 N. Y., 129; McDonald v. Franchere Bros., 102 Iowa, 496; Levi v. Brooks, 126 Mass., 501; Evansville & T. H. Railway Co. v. McKee, 99 Ind., 519.

The charge complained of in this assignment is a literal copy of one approved by the Supreme Court in an opinion by Judge Stayton, in the case of International & G. N. Railway Co. v. Ende, 65 Texas, 124, and correctly announces the rules of law applicable to this case. International & G. N. Railway Co. v. Ende, 65 Texas, 124; Rideus v. State, 41 Texas, 200.

WILLIAMS, Associate Justice.—Defendant in error brought this action to recover damages for an assault and battery alleged to have been committed upon him by McLeary and Robertson while acting as servants of plaintiff in error in discharge of their duty and within the scope

of their authority as such. It was an undisputed fact that he was seriously injured in an encounter with Robertson and McLeary, and the principal questions at issue were whether or not their acts were justifiable on the ground of self-defense, and, if not, whether they were done in furtherance òf the business of their employer, the plaintiff in error, in the scope of their authority, or were outside the line of their duty as servants and purely personal. We agree with the Court of Civil Appeals that these questions were correctly and sufficiently submitted to the jury by the charge, and that there was no error in the refusal of requests for further instructions. The view of the evidence upon which the writ of error was granted was that it conclusively showed, that, if there was an unlawful assault, it was committed either in resentment of personal affronts offered by plaintiff to defendant's employes, or as a punishment for conduct of plaintiff, already completed and ended, in roughly handling freight under the care of the employes. Closer examination of the evidence has led 'to the conclusion that there is some which at least tends to show that what was done was with the purpose, either of expelling plaintiff from the house in which the freight was kept, or to prevent further injury, which they believed to be impending to the freight itself, and that, therefore, this court can not interfere with the verdict and judgment upon this ground. In view of repeated discussions by this court of the principles of law applicable to this subject, and of the correct discussion and application of them in the opinion of the Court of Civil Appeals, elaboration would be unprofitable. The other grounds for reversal were, we think, also, properly disposed of by the Court of Civil Appeals. One of them will be briefly referred to in order to make clear the view upon which it is held not to present ground for reversal. There was an irreconcilable conflict in the evidence, and the court gave this instruction: "You are the exclusive judges of the weight òf the evidence before you and of the credit to be given to the witnesses who have testified in the case. If there is a conflict in the testimony, you must reconcile it, if you can; if not, you may believe or disbelieve any witness or witnesses, according as you may or may not think them entitled to credit. In civil cases the jury is authorized to decide according as they may think the evidence preponderates in favor of one side or another." We think that trial courts should not instruct juries that they must reconcile conflicts in testimony. As was said in Houston, East & West Texas Railway Co. v. Runnels, 92 Texas, 307: "The law does not impose upon a jury the duty of reconciling a conflict in the testimony of witnesses; it is impossible to reconcile positive and unequivocal affirmative and negative evidence. Seeming conflicts may be shown not to exist, but a real conflict between witnesses can only be disposed of by discarding the testimony on one side of the issue." It was another feature of an instruction like this that was discussed in the case of Insurance Company v. Ende, 65 Texas, 124, and we can not determine from the report of that case that objection was made to the part of it requiring the jury to reconcile conflicting evidence. While

the charge was improper, it does not follow that the judgment must be reversed because it was given. Upon this point we agree with the Court of Civil Appeals where it said: "It is true that the jury were instructed, if possible, to reconcile the conflict; but an examination of the evidence makes it apparent that it was impossible for them to do so; and the only thing they could possibly do, in view of the evidence, was to disregard this portion of the charge. There was an absolute irreconcilable conflict in the testimony, and we think it may be presumed that the jury could not and did not attempt to reconcile this conflict, but that they decided the case upon what they believed to be the more credible evidence, and in doing this they were not hampered by any such charges upon the weight of the evidence as those discussed in the Reynolds case. For these reasons, we are unable to see how the charge could possibly have resulted to the prejudice of appellant."

It will be observed that in none of the cases where such an instruction was given was it held, of itself, to be cause for reversal. Cases might exist in which such a charge would be mischievous, and the most that can be said in its favor in any case, is that it is a harmless generality.

*Affirmed.*