## COX v. GORDON et al. (No. 2538.)

(Court of Civil Appeals of Texas. Texarkana. April 13, 1922. Rehearing Denied May 4, 1922.)

**1. Appeal and error ⊜470—Supersedeas bond not part of record until approved by clerk of trial court.**

Under Rev. St. art. 2101, requiring a supersedeas bond to be approved by the clerk of the court in which the judgment was rendered, the bond does not become a part of the record until it is approved, though filed theretofor.

**2. Appeal and error ⊜470—Marking of supersedeas bond "filed" prima facie evidence, but not conclusive that clerk approved bond.**

The marking of a supersedeas bond "filed" by the clerk of the court in which the judgment was rendered, while prima facie evidence that the bond was approved by the clerk, was not conclusive of such fact.

**3. Appeal and error ⊜1225—Sureties on supersedeas bond not liable, where bond was not approved by clerk until after expiration of time allowed for perfecting appeal.**

Where a supersedeas bond was filed with the clerk of the court in which the judgment was rendered, within the required time, without being approved by the clerk as required by Rev. St. art. 2101, and where the clerk returned the bond to the attorney and did not in fact accept and approve it until after the time allowed for perfecting of appeal had ex-

pired, the bond was not effective as a supersedeas bond, and the sureties were not liable thereon.

Appeal from Denton County Court; R. I. Key, Judge.

Action by M. J. Cox against Harry E. Gordon and others. From judgment rendered, the plaintiff appeals. Affirmed.

Hopkins & Jackson, of Denton, for appellant.

Owsley & Owsley, of Denton, and Saner, Saner, Turner & Rodgers, of Dallas, for appellees.

HODGES, J. On April 26, 1920, M. J. Cox, the appellant, recovered a judgment in the county court of Denton county for the sum of $756 against the United Food Distribution Company. On May 14 following a motion by that company for a new trial was overruled, and notice of appeal given. On June 3, 1920, 20 days after the motion for a new trial was overruled, a supersedeas bond was executed by the United Food Distribution Company and B. H. Hill as sureties. That bond was presented within the time allowed by law to the clerk of the county court of Denton county for his approval. The clerk refused to approve the bond until he was furnished with a certificate as to the sufficiency of the sureties from the county clerk of Dallas county. However, he marked the bond "filed," and delivered it back to the attorney presenting it, for the purpose of securing that certificate. After the time allowed by law for the filing of the supersedeas bond in the case, the instrument was again presented, with the proper certificate, to the county clerk of Denton county, and by him approved on that date. No appeal, however, was ever prosecuted by the United Food Distribution Company. In November of 1920, six months after the rendition of the judgment in the original suit, the appellant, Cox, instituted this suit against the sureties on that supersedeas bond. The defense is that the bond never became effective, did not suspend the judgment, and therefore created no liability on the part of the sureties who signed it.

[1-3] The facts are undisputed. Article 2101 of the Revised Civil Statutes, which provides for the execution of a supersedeas bond, requires that it be approved by the clerk of the court in which the judgment is rendered. It is contemplated that the bond shall be filed after or at the time it is approved. The approval of the bond by the clerk is an official acceptance of the instrument as a compliance with the requirements of the statute. Until the bond is approved it cannot be considered as a part of the record. In this instance the marking of the bond "filed" by the county clerk of Denton county, while

prima facie evidence of its approval, was not conclusive of that fact. The . testimony, about which there is no contradiction, shows that the clerk refused to approve it, returned it to the attorney, and did not in fact accept and approve it until the expiration of the time allowed by law for perfecting the appeal. Hence the bond was never effective as a supersedeas, and for that reason no liability attaching to the sureties.

The judgment will therefore be affirmed.