## HOME TELEPHONE & ELECTRIC CO. v. BRANTON. (No. 449.)

Court of Civil Appeals of Texas. Eastland.
May 25, 1928.

Rehearing Denied June 15, 1928.

1. Appeal and error ⟨⟩937(4)—Where supersedeas bond was filed by clerk and contained in transcript certified to by him, court must presume he approved it.

Where it did not appear that clerk had refused to approve supersedeas bond, and bond was filed by clerk, and was contained in transcript, certified to by him, court must presume that he approved it.

2. Appeal and error ⟨⟩467—Where transcript was filed in appellate court January 4, 1928, objection to form of bond filed April 2, 1928, was too late, and was waived (Courts of Civil Appeals Rule 8).

Where transcript in case was filed in Court of Civil Appeals on January 4, 1928, and objection regarding sufficiency of description of judgment in supersedeas bond was filed on April 2, 1928, such objection was too late, and was waived, under Court of Civil Appeals Rule 8.

3. Master and servant ⟨⟩302(6)—Master is not liable for servant's act performed as resentment of insults or in furtherance of personal animosities.

Where act of servant is not in furtherance of master's business or for accomplishment of object for which he was employed, but is performed as resentment of insults or in furtherance of personal animosities of servant, master is not liable.

4. Master and servant ⟨⟩302(3)—Telephone company was not liable for employee's assault on landowner complaining regarding trespass, where he struck in resentment of insult, and was not furthering employer's business.

Where landowner had been complaining to telephone company's local manager regarding alleged trespass by unauthorized erection of telephone pole, and parties met on street, and telephone company's employee struck landowner in resentment of insulting epithet, employer was not liable for assault, since employee was not furthering its business when he committed assault.

5. Master and servant ⟨⟩308—That telephone company failed to remove telephone pole from plaintiff's land after assault by its employee was no evidence of ratification of assault.

Failure of telephone company to remove telephone pole from plaintiff's land, and thereby discontinue the trespass, after assault by its employee in resentment of insulting epithet during discussion regarding removing pole, was no evidence of ratification of assault.

6. Master and servant ⟨⟩308—Retention of employee after assault on plaintiff did not constitute ratification of assault by employer.

Retention of employee after assault committed by him on plaintiff did not constitute ratification of assault on part of employer.

7. Appeal and error ⟨⟩742(5)—Proposition that appellant challenged trial court's action in refusing to instruct jury to return verdict in its favor on certain issue was not proposition of law.

Proposition stating "appellant challenges action of trial court in refusing to instruct jury to return verdict in its favor on issue of damages resulting from nuisance complained of" was not a proposition of law.

Appeal from District Court, Eastland County; Elso Been, Judge.

Action by W. A. Branton against the Home Telephone & Electric Company and another. From a judgment for plaintiff, defendants appeal. Affirmed in part, and reversed and rendered in part.

Butts & Wright, of Cisco, and J. R. Black, of Baird, for appellant.

Grisham Bros., of Eastland, for appellee.

HICKMAN, C. J. Appellee W. A. Branton recovered judgment in the court below against appellant Home Telephone & Electric Company for damages to a tract of land and tank of water on account of the unauthorized erection thereon by appellant of a telephone pole, guy wire, and anchor. Appellee in the same suit recovered judgment against appellant and one Paul Beardon for damages on account of injuries sustained by him as the result of an assault committed upon him by Paul Beardon, an employee of appellant. Both of the defendants in the court below perfected an appeal to this court, but it appears that no brief has been filed for

Paul Beardon. Such facts as are necessary to an understanding of the questions discussed will be stated in connection with the discussion thereof.

The most difficult questions for decision upon this appeal are questions of practice raised in appellee's brief and thereby made necessary for our decision. The first objection raised by appellee is:

"If this appeal is before this court at all, it is by virtue of a supersedeas bond, as appears in the transcript at page 71. It will be noted that this bond was never approved by the district clerk."

[1] The bond referred to appears to have been executed by sureties who reside in Callahan county. Attached thereto is a certificate from the district clerk of Callahan county, certifying to the solvency of the sureties in the manner provided by law. The bond was filed by the district clerk of Eastland county, but does not show his approval thereof. There is no evidence furnished by appellee, and it does not otherwise appear, that the clerk refused to approve the bond. Under this state of facts, and in view of the fact that the bond was filed by the clerk and is contained in the transcript certified to by him, we must presume that he approved it. Evans v. Pigg, 28 Tex. 586; McLane v. Russell, 29 Tex. 128; Bridges v. Condiff, 45 Tex. 437; Cox v. Gordon (Tex. Civ. App.) 241 S. W. 286.

The second objection of appellee is:

"The judgment of the court below is not in the transcript. The only thing that smacks of a judgment in the transcript is at page 39, and is merely an order on demurrers separate and apart from the judgment, as plainly appears therefrom."

This objection is not sustained by the record. There is an interlocutory order at page 39 of the transcript, but this order is followed by a final judgment set out on pages 40 to 43, inclusive. This objection is overruled.

[2] The third objection calls into question the sufficiency of the description of the judgment in the supersedeas bond. The transcript in this case was filed in this court on January 4, 1928. This objection to the form of the bond was filed on April 2, 1928. Under rule 8, governing the Courts of Civil Appeals and the many decisions construing same, this objection comes too late, and has been waived by appellee.

But when the objections urged by appellee to a consideration of appellant's brief are considered, more serious questions are presented. These objections in substance are: (1) That the propositions urged by appellant are not, in fact, propositions of law, but are arguments, assumptions, and conclusions; (2) that there is not one single correlated statement from the record under any proposition, but in each instance instead of a corre-

lated statement there is an argument intermixed with quotations from the record, conclusions, and deductions of counsel.

We have carefully considered these objections to the brief and must conclude that, in the main, they are well taken. Only a few of the so-called propositions are in fact propositions of law, and most of the ones which could be so classified are not followed up by proper statements from the record. No assignment challenging the correctness of the judgment for damages to the land is briefed in such manner as that we would be warranted in considering it over the objections of appellee.

There is but one proposition contained in the brief which we can classify as a proposition of law, and which is followed by a proper statement from the record as required by the rules. This is the fourth proposition, and is based upon an assignment of error complaining of the action of the trial court in refusing to peremptorily instruct the jury to return a verdict in favor of appellant on the issue of damages resulting to appellee from the assault committed upon him by Paul Beardon. The facts disclose that Paul Beardon was the local manager for appellant at Rising Star, with such duties and authority as are usually conferred upon local managers of telephone exchanges. Appellant erected a telephone line along the highway, but the particular pole, guy wire, and anchor which were the cause of the trouble between appellee and Paul Beardon were erected on and attached to appellee's land by appellant's construction crew without appellee's knowledge or consent, and in such manner as to render appellant a trespasser in erecting same thereon. Appellee was away from home when the trespass was committed. After his return he went to see Paul Beardon on more than one occasion, protesting against the presence of the pole, guy wire, and anchor on his premises, and requesting that they be removed. Appellee testified that Paul Beardon made him promises which were unperformed, one of the promises being that he would telephone to the home office of the company at Baird for authority to remove the pole. Details of the assault are described by the appellee in this language:

"This last conversation I had with him was the time he knocked me in the head. I went to town, I disremember the time, and I went to Mr. Alford and got papers, thinking I was going to sue. As I was walking up the street, I noticed my son-in-law across the street at the Continental Bank. I was talking to him about moving my road equipment to Breckenridge. When Mr. Beardon came down, I had the letters and things in my hand that Mr. Alford gave me, or notice that I would sue. That was up in the morning. * * * I was on the sidewalk when I saw Paul Beardon; I don't think it was very far from his place of business, for I had started there to give him these papers. It might not have been over 20 feet from his place of busi-

ness. As to what was said between us, I hate to make the expression that I told him. I asked him why he had told me a damned lie and not done what he said he would. I don't remember what he said. Somebody hit me at that time; I don't know who it was. I was hit right there on the neck. I don't remember of being hit anywhere else at that time."

The evidence is practically undisputed that the assault occurred during the noon hour after Paul Beardon had came from his office to go to lunch, but in our view of the case this fact is immaterial. The question of the liability of appellant for the assault committed by Paul Beardon may not be determined on the basis of the time of day when the assault was committed. Beardon was constantly in the employ of the appellant as local manager, and was on duty, if occasion required, at all hours. We shall therefore dispose of the question presented independently of any consideration of the hour when the assault was committed.

[3, 4] The question of liability of a master for assault committed by his servant has been the subject of many able opinions by the courts of our state. These opinions have so clarified the question as that the liability vel non of a master in a given case should be determined clearly and certainly. The rule of respondeat superior applies, and renders a master liable to a third person assaulted by a servant of the master while acting within the scope of the servant's employment. The rule arises out of the relation of superior and subordinate, and must necessarily be coextensive with that relation and cease when the relation ceases. Whenever the very nature of the employment expressly or impliedly authorizes the servant to use force, and in the exercise of that authority he negligently or willfully uses more force than is necessary to further his master's business, and thereby injures a third person, the master is clearly liable. On the other hand, where the act of the servant is not in the furtherance of the master's business, or for the accomplishment of the object for which he was employed, but is performed as a resentment of insults, or in the furtherance of personal animosities of the servant, the master is not liable. International & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; Lytle v. Crescent News & Hotel Co., 27 Tex. Civ. App. 530, 66 S. W. 240 (error refused); Hidalgo v. Gulf, C. & S. F. Ry. Co., 60 Tex. Civ. App. 433, 128 S. W. 683 (error refused); Southern Pac. Ry. Co. v. Kennedy, 9 Tex. Civ. App. 232, 29 S. W. 394; Galveston, H. & S. A. Ry. Co. v. Zantzinger (Tex. Civ. App.) 49 S. W. 677; Id., 93 Tex. 64, 53 S. W. 379, 47 L. R. A. 282, 77 Am. St. Rep. 829; Houston & T. C. Ry. Co. v. Bell (Tex. Civ. App.) 73 S. W. 56; Id., 97 Tex. 71, 75 S. W. 484; Grubb v. Railway Co. (Tex. Civ. App.) 153 S. W. 694; Texas & N. O. R. Co.

v. Parsons, 102 Tex. 157, 113 S. W. 914, 132 Am. St. Rep. 857; Missouri K. & T. R. Co. v. Day, 104 Tex. 237, 136 S. W. 435, 34 L. R. A. (N. S.) 111; Hudson v. Railway Co. (Tex. Com. App.) 293 S. W. 811; 39 C. J. § 1506, p. 1306.

Applying this test to the facts of the instant case, as disclosed by appellee's own testimony, the inquiry arises: In what manner was Paul Beardon furthering the business of appellant when he committed the assault? According to appellee's own testimony, he was struck by Beardon as an immediate resentment of an insulting epithet applied by him to Beardon. Beardon was not engaged in the erection of the telephone pole upon appellee's land, nor in the removal thereof when the assault occurred. The assault within itself was not necessary to and did not have the effect of either continuing the alleged trespass or removing it from appellee's land. While the erection of the telephone pole was the remote cause of the difficulty, it was too remote to connect appellee with it.

[5] It is insisted by the appellee that the evidence supports the finding by the jury that appellant ratified the act of Paul Beardon in the commission by him of the assault upon appellee. We find no evidence whatever of a ratification. The fact of the failure of appellant to remove the telephone pole, and thereby discontinue the trespass, is no evidence of ratification of the assault. There are but few situations in which one may be constituted a wrongdoer by ratification where such wrong consists of an assault and battery. In the case of Dillingham v. Anthony, 73 Tex. 47, 11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753, Chief Justice Stayton quotes with approval the following language from Cooley on Torts:

"In order to constitute one a wrongdoer by ratification the original act must have been done in his interest, or been intended to further some purpose of his own."

Had the evidence justified the conclusion that appellant's officers, after learning of the assault, believed it was justified and approved same, such action would not amount to a ratification of the original act, because it was not done in appellant's interest or in the furtherance of appellant's business or for its benefit.

[6] It is well settled by the decisions in our state that the retention of an employee after an assault committed by him upon a third person does not constitute a ratification of the assault on the part of the master. International & G. N. Ry. Co. v. McDonald, 75 Tex. 41, 12 S. W. 860; Gulf, C. & S. F. Ry. Co. v. Kirkbride, 79 Tex. 457, 15 S. W. 495; Texas & P. Ry. Co. v. Jones (Tex. Civ. App.) 29 S. W. 499.

In the Kirkbride Case, supra, Justice Henry uses the following clear and convincing language:

"We think it would be extending the doctrine of ratification too far to apply it to such a case as the one before us. Notwithstanding his one fault, the servant may be a useful and deserving one, and worthy of promotion and encouragement. We do not think it either just to the individual, necessary for the general good, or a wise public policy, to so arbitrarily punish the master for lenity to a servant otherwise deserving and perhaps penitent. The rule invoked might lead to the discharge of an innocent and useful servant, when wrongfully accused or suspected, because his employer could not be certain in advance what would be the result of a future trial, and instead of taking the risk of being charged with a pecuniary liability for which he was not otherwise responsible might discharge the servant."

No purpose would be served in remanding this cause for another trial. We have considered the evidence on the question of assault solely from the viewpoint of appellee. This evidence exonerates appellant from liability for the assault by Paul Beardon, and there is no reason for another trial upon that issue. Appellant has failed to present any question to this court as to that portion of the judgment awarding damages against it on account of the trespass upon the land of appellee. Paul Beardon has filed no brief, and there is no fundamental error in the judgment against him. It is therefore our order that the judgment of the trial court in favor of appellee against Paul Beardon be affirmed; that the judgment in favor of appellee against appellant on account of the trespass be affirmed; and that the judgment in favor of appellee against appellant for damages on account of the assault be reversed and rendered.

Affirmed in part, and reversed and rendered in part.

### On Rehearing.

Both parties have filed motions for rehearing. Appellee's motion refers to no new authorities not considered by us on the original hearing, and no argument not contained in the brief. We have given the questions of law raised in this motion careful consideration, but adhere to our original opinion.

[7] There are two grounds in appellant's motion for rehearing in which it is claimed we erred in our original holding. The first ground is stated in the motion as follows:

"The court erred in holding that the third proposition in appellant's brief is 'not in fact a proposition of law, but is argumentative, assumption, and conclusion.'"

We did not use the language thus attributed to us.

The statement in the motion following this first ground is as follows:

"Following is a copy of appellant's third proposition: 'The court erred in refusing to in-

struct the jury to return a verdict in favor of this appellant on the issue of damages resulting from nuisance complained of as requested by this appellant. Fourth ground for new trial, p. 45, Tr.' Page 3, appellant's brief."

The third proposition as contained in the brief which we considered is not at all the proposition quoted in this motion. The third proposition contained in the brief and which we held to be insufficient, is as follows:

"Appellant challenges the action of the trial court in refusing to instruct the jury to return a verdict in its favor on the issue of damages resulting from the nuisance complained of.

"The uncontroverted evidence shows that appellee had and owned only an easement giving him the right to use the water impounded on the land for the operation of his cotton gin so long as, and no longer than, he should continue to operate his gin; that his life expectancy is 21.63 years. The only evidence introduced to show damages resulting from the nuisance complained was the difference in the value of the land prior and subsequent to the creation of the nuisance. Fourth ground for new trial, Tr. p. 45, fourth assignment of error."

The second ground for rehearing contained in the motion reads:

"The court erred in holding that there is no correlated statement from the record under the third proposition."

We agree that the brief does contain a sufficient statement from the record under the third proposition, and our opinion did not hold that such statement was insufficient. The fault with the third proposition was not that it was not followed by a written statement, but that the so-called proposition itself was not a proposition of law.

Both motions for rehearing are overruled.