COMMONWEALTH CASUALTY CO. v. EMSLEY. (No. 491.)

Court of Civil Appeals of Texas. Eastland. Oct. 19, 1928.

W. W. Hilbrant, of Dallas, for appellant.

Pearson & Flewellen, of Ranger, for appellee.

HICKMAN, C. J. The appeal is from a judgment of the county court at law of Eastland county, dismissing an appeal to that court from the justice's court of precinct No. 2, at Ranger, Eastland county. The motion of appellee to dismiss the appeal in the county court, which was sustained, contained three grounds.

■ The first ground was as follows:

"Because the appeal bond filed in this cause is an appeal from Cause No. 2373 pending in Justice's Court of Precinct No. 1, Dallas County, Dallas, instead of Precinct No. 2, Eastland County, Texas."

This ground of the motion should have been overruled by the trial judge. An examination of the appeal bond reveals that the only basis of fact for this ground of the motion was that the title or heading of the bond referred to the "Justice's Court of Precinct No. 1, Dallas County." The body of the bond correctly describes the judgment and the court in which it was rendered, and contains the name of the justice of the peace presiding over that court. Evidently the bond was prepared on a printed blank form in use in Dallas and the one preparing it failed to change the heading. To our minds this was a clerical error which could not affect the validity of the bond.

The second ground was:

"Because this case is appealed to the County Court of Eastland County, Texas, when same should have been appealed to the County Court at Law for Eastland County, Texas."

This ground is not supported by the record. The bond itself recites that appellant "has appealed to the County Court at Law, Eastland County."

■ The third ground was:

"Because it appears on the face of the appeal bond filed herein that said bond, in addition to the other defects mentioned above, was never approved by the Justice of the Peace of Precinct No. 2, Eastland County, Texas, in whose court this case originated."

The bond indicates that the sureties resided in Dallas county, Tex., as there was affixed to it a certificate by D. C. Whitley, county clerk of Dallas county, as to the solvency of the sureties. The indorsement by the justice of the peace, precinct No. 2, Eastland county, shows that the bond was filed with him on the 18th day of March, 1927, but his approval thereof is not noted. There is no evidence that he refused to approve it, but only that the bond did not affirmatively disclose that he had approved it. The file date on the bond was within ten days after the rendition of the judgment, and four days later the transcript from the justice's court, including the bond, was filed in the county court at law. Under these circumstances, the approval of the bond by the justice of the peace must be presumed. This court considered this question and cited some of the leading authorities thereon in the recent case of Home Telephone & Electric Co. v. Branton (Tex. Civ. App.) 7 S.W.(2d) 627. On the authority of that decision and the cases therein cited, this ground should have been overruled by the trial judge.

Each ground contained in the motion to dismiss the appeal being, in our opinion, without merit, it follows that the judgment of the trial court should be reversed and the cause remanded for trial upon its merits, and it is accordingly so ordered.

Reversed and remanded.