**FORD et al. v. MARSDEN.**

No. 1026.

Court of Civil Appeals of Texas. Eastland.

Nov. 25, 1932.

Preston Martin, of Weatherford, for appellants.

Jno. H. Eaton, of Gordon, and Ritchie & Ritchie, of Mineral Wells, for appellee.

FUNDERBURK, J.

A. V. Marsden sued H. L. Ford and A. C. Abbott upon a promissory note for the sum of $253.35, with interest and attorney's fees. It appears that a writ of attachment was issued, executed, and the property afterwards replevied by the defendants. There was a motion to quash the attachment and the officer's return upon same. The attachment was sought to be quashed, because it was claimed the attachment bond had not been approved by the clerk at the time the writ was issued. The return was sought to be quashed because it failed to show that the officer had made an estimate of the value of the property replevied. According to a bill of exceptions appearing in the record, the court heard evidence on the motion and overruled it. The bill recites that the writ of attachment was issued on the 24th day of September, 1931, by the clerk of the court; that the attachment bond "filed with the clerk on said date * * was given to the clerk *prior to the time said writ of attachment was issued* herein, but the court finds from the evidence * * * that the clerk did not sign his name to and showing that he approved said bond in attachment until his attention was called to the same by attorney Preston Martin on the 6th day of October, 1931, which was eleven days after the constable * * * had made the levy upon defendants' property herein, and the court further finds from the evidence that the clerk *received and approved* said attachment bond but failed and neglected to sign his name officially showing that he approved the same prior to the time he issued the writ of attachment herein." (Italics ours.) The bill further recites that "Said constable, W. G. Mayo, did not make or place any value on the property so levied upon, as shown by his return on said attachment writ * * * that his said return was made on the 25th day of September, 1931, and duly recorded * * * without any value being fixed or placed on said property as levied upon, and the court further finds from the evidence as introduced on the hearing of defendants' motion to quash herein that the value, $500.00, of said property was made by plaintiff's attorney on the 6th day of October, 1931, which was more than a week after said levy had been made by the constable and his return thereon had been made and turned over to the county clerk of Palo Pinto County for record and same was so recorded."

Upon the trial, judgment was given the plaintiff upon the notes, and also for the same amount against B. C. Rhome, Jr., and L. D. Ladd as sureties upon the replevy bond,

834

which, it is recited, had been executed for the principal sum of $600. Said sureties, B. C. Rhome, Jr., and L. D. Ladd, were also sureties on the supersedeas bond given to perfect this appeal. The appeal is by the defendants Ford and Abbott.

The reversal of the judgment is urged upon two grounds: First, because the clerk failed to indorse his approval upon the attachment bond before the writ was issued and executed; and, second, because the return of the constable did not show as a fact that said officer had estimated the value of the property levied upon with the amount of such value.

 R. S. 1925, art. 279, required that the attachment bond be delivered to and approved by the clerk before that officer issued the writ of attachment. The court found as a fact that this was done. It was not essential to the validity of the attachment that the clerk have indorsed such approval upon the bond. Griffith v. Robinson, 19 Tex. 219. The due receipt and filing of the bond and the issuance of the writ, which latter the clerk had no authority to do unless he approved the bond, clearly implies such approval. These facts create a presumption of the further fact that the bond was approved. The law makes no requirement that the approval be indorsed on the bond. See Nelms v. Draub (Tex. Civ. App.) 22 S. W. 995, 996; Burdett v. Marshall, 3 Tex. 25; Evans v. Pigg, 28 Tex. 586; McLane v. Russell, 29 Tex. 128.

On the other point, R. S. 1925, art. 292, gave the defendants the right to replevy the property attached "by giving bond, with two or more good and sufficient sureties to be approved by the officer who levied the writ, payable to the plaintiff, in double the amount of the plaintiff's debt, or, at the defendant's option, for the value of the property replevied, to be estimated by the officer, conditioned," etc.

The attachment bond, the writ of attachment, the officer's return thereon, and the replevy bond, all are absent from this record. It may be doubtful if, because of this condition of the record, any question is properly presented for our determination. The constable was under no duty to estimate the value of the attached property unless and until the defendants had signified their desire to avail themselves of the option to have the replevy bond cover "the value of the property replevied," rather than "double the amount of the plaintiff's debt." The bond that was given was for substantially double the amount of the plaintiff's debt. In the absence of any showing that the defendants signified their election to make a bond covering the value of the property replevied, we will presume that the bond was intended to be for double the debt sued for. Calvert v. Bennett (Tex. Civ. App.) 286 S. W. 303; U. S. Fidelity & Guaranty Co. v. Mueller (Tex. Civ. App.) 13 S.W.(2d) 430.

It may not be out of place to observe that, if both of appellants' contentions could be sustained, it would be of no practical advantage to them. To that part of the judgment awarding recovery upon the notes, and including interest and attorney's fees, no assignment of error is urged. That part of the judgment would therefore have to be affirmed in any event. All the parties, including the sureties in the replevy bond, are obligated for the same amount upon the supersedeas bond. Since there could be no double recovery, we fail to see that it would affect the final judgment if the only propositions urged were to be sustained.

It is therefore our opinion that the judgment below should be affirmed, and it is accordingly so ordered.